UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

                          Petitioner,

   v.

JEFFREY A UTTECHT,

                     Respondent.

Case No. C19-5501-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for <u>August 9, 2019</u>

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 28, 2019. Dkt. 6. The petition has not been served on the respondent. By order dated June 18, 2019, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 7. Petitioner filed a response to the order to show cause. Dkt. 11. Petitioner has also filed a "Motion to Request Court Rule on Petition" (Dkt. 10) and a "Motion to Compel Discovery of Information" (Dkt. 8).

The Court should dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies. The Court should further deny petitioner's "Motion to Compel Discovery of Information" (Dkt. 8) and "Motion to Request Court Rule on Petition" (Dkt. 10) as moot in light of the recommendation that the petition be dismissed. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

1

## BACKGROUND

2

Petitioner challenges his January 23, 2019, conviction and sentence in Clark County

3 Superior Court for three counts of Rape of a Child in the First Degree and one count of Child

4 Molestation in the First Degree. Dkt. 6. Petitioner seeks release from incarceration on the

5 grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my

6 federally conferred Constitutional rights by the State of Washington and its willful defiance of

7 the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 6. Petitioner

8 contends his federal constitutional rights were violated because he was not charged in the state

9 court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

10

Petitioner does not indicate he has exhausted his state court remedies. *Id.* In fact the

11 petition states that petitioner appealed his January 23, 2019, judgment and sentence to the

12 Washington State Court of Appeals and indicates "N/A" for the "result" of his appeal. Dkt. 6, at

13 2. Thus, it appears that petitioner's state court judgment and sentence remain under direct appeal.

14 *Id.* Petitioner also indicates that he intends not to bring the claims raised in his federal habeas

15 petition to the state courts—state courts would never have the opportunity to consider the habeas

16 claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues

17 that are raised under the United States Constitution. *Id.*, at 5-12. Petitioner states that he did not

18 raise these issues in his direct appeal to the highest state court having jurisdiction because "[t]he

19 State of Washington does not have jurisdictional authority to decide on United States

20 Constitution matters, which are outside it's [sic] jurisdictional or statutory governing limits." *Id.*,

21 at 7-13. He also states he has not raised the grounds raised in the instant petition in a post-

22 conviction motion or petition for habeas corpus in a state trial court. *Id.*, at 7-13. He further states

23 that "[n]o grounds herein have been raised at the state level, as the state has no jurisdictional

24 authority over federal matters." *Id.*, at 13.

25

1    By order dated June 18, 2019, petitioner was given an opportunity to show cause why his

2    petition should not be dismissed for failure to exhaust his state judicial remedies and as

3    premature in light of his pending appeal. *See* Dkt. 7. Petitioner was advised that a state prisoner

4    is required to exhaust all state court remedies, by fairly presenting claims of violation of federal

5    rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1).

6    Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete

7    round of the State's established appellate review process," up to the highest state court with

8    powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He was

9    further advised that where a case remains under appeal, a habeas petition is premature. *Id.*; *See*

10   *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief

11   must await the outcome of his state court appeal); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir.

12   1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature").

13   Petitioner filed a response to the Court's order which fails to remedy the deficiencies in

14   the petition noted by the Court's order to show cause. Dkt. 11. Petitioner's response re-iterates

15   his jurisdictional arguments and calls for the court to consider the merits of his constitutional

16   claims (that his federal constitutional rights were violated because he was not charged in the state

17   court by Grand Jury Indictment) without considering exhaustion. *Id.*

DISCUSSION

**A.     Habeas Petition – Failure to Exhaust State Court Remedies**

20   Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a

21   habeas petition when it is filed, and if it plainly appears from the petition and its attachments the

22   petitioner is not entitled to relief, the Court must dismiss the petition.

23

24

25

REPORT AND RECOMMENDATION - 3

1    The Court concludes that petitioner's federal habeas petition should be dismissed for

2    failure to exhaust state court remedies. Petitioner plainly acknowledges he has not presented the

3    claims raised in his petition to the highest state court and, as such, his petition is not eligible for

4    federal habeas review. Dkt. 6, at 1-12.  Petitioner indicates that he does not intend to bring his

5    claims to the state courts—state courts would never have the opportunity to consider the habeas

6    claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues

7    that are raised under the United States Constitution. Dkt. 6, at 5-12. However, the exhaustion of

8    state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28

9    U.S.C. § 2254(b)(1).[1]

10    A state prisoner is required to exhaust all state court remedies, by fairly presenting claims

11    of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28

12    U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the

13    state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners'

14    *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is

15    appropriate, because "state courts, like federal courts, are obliged to enforce federal law."

16    *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a

17    would-be habeas petitioner must finish "one complete round of the State's established appellate

18    review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

19    A federal court must dismiss a federal habeas corpus petition if its claims are

20    unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte*

21    authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647

---

[1] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

1   F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been

2   exhausted even if the state does not raise the issue").

3          Petitioner must raise the grounds for relief contained in his habeas petition to the

4   Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not

5   presented his grounds for relief to the state courts because the state courts lack the "jurisdictional

6   authority to decide on United States Constitution matters, which are outside [its] jurisdictional or

7   statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. §

8   2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal

9   constitutional rights of a state criminal defendant were violated. Federal habeas relief is available

10  to address where the state court's adjudication was "contrary to, or an unreasonable application

11  of, clearly established federal law, as determined by the Supreme Court of the United States." 28

12  U.S.C. § 2254(d)(1).

13         As the petition plainly states, petitioner has not properly exhausted his claims for relief in

14  the state courts. Even if the petitioner believes it would be futile to argue his Constitutional

15  claims to the state courts because he does not believe they would be successful, "the apparent

16  futility of presenting claims to state courts does not constitute cause of procedural default."

17  *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not

18  presented the claims raised in his petition to the highest state court and, as such, his petition is

19  not eligible for federal habeas review.[2] [3] Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d

20

21  _____

    [2] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and
    offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by
22  this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See,
    e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal
    without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-
23  TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies);
    *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure
    to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of
24  Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court

25

REPORT AND RECOMMENDATION - 5

1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be

properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis added). The

Court also notes that it appears petitioner's direct appeal of his judgment and sentence is still

pending and, as such, the petition is premature and should be dismissed on that basis as well.

Dkt. 6, at 3.

**B.    "Motion to Request Court Rule on Petition" and "Motion to Compel Discovery of**

**Information"**

Petitioner has also filed documents entitled "Motion to Compel Discovery of

Information" (Dkt. 8) and "Motion to Request Court Rule on Petition" (Dkt. 10). Both motions

request that the Court "order Respondent to present the Bill of Indictment of a Grand Jury

causing the order of Petitioner's arrest and detainment, in accordance with Amendment V of the

United States Constitution" and to "proceed in a summary way" to decide the petition. *Id.*

Petitioner's motion merely repeats the jurisdictional arguments raised in his petition and

discussed above and calls again for the court to consider the merits of his constitutional claims

without considering exhaustion. *Id.* In his motion, petitioner contends that because a habeas

---

remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[3] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

petition is "an original action," and "not an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion to Compel Discovery of Information" (Dkt. 8) and "Motion to Request Court Rule on Petition" (Dkt. 10) as moot in light of the recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies.

<u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice for failure to exhaust state court remedies.** The Court further recommends petitioner's "Motion to Compel Discovery of Information" (Dkt. 8) and "Motion to Request Court Rule on Petition" (Dkt. 10) **be denied as moot** in light of the recommended dismissal of the petition.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.** A proposed order accompanies this Report and Recommendation.

<u>DEADLINE FOR OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>August 9, 2019</u>**.

Dated this 19th day of July, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge