HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. C19-5501RBL

ORDER

[Dkt. #s 17 & 18]

THIS MATTER is before the Court on Petitioner Rogers' Motion for Reconsideration [Dlkt. # 18] of the Court's Order [Dkt. # 14] adopting Magistrate Judge Fricke's Report and Recommendation [Dkt. # 12], and denying Rogers' § 2254 Petition (without prejudice) for failure to exhaust his state court remedies. [Dkt. # 1].

Rogers claims that it would be futile to require him to exhaust those remedies, because Article I section 26 of the Washington Constitution is itself unconstitutional under the United States Constitution. He also appears to seek summary judgment in his own favor on his habeas claim.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal

authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Rogers repeatedly claims that the state "statute" (Article I, Section 26) is unconstitutional because it expressly forecloses relief on the merits of his procedural situation, but he fails to make any such showing.

The Motion for Reconsideration is **DENIED**.

Rogers' Motion to Change his Address [Dkt. # 17] to reflect his transfer to Stafford Corrections Center is **GRANTED** and the Clerk shall change Rogers Address on the CM/ECF system.

IT IS SO ORDERED.

Dated this 16th day of August, 2019.

Ronald B. Leighton
United States District Judge